IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PATRICK ALAN THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-3359-CM |
| | ) |
| L E BRUCE, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This case comes before the court on plaintiff's motion for a medical examination under Fed. R. Civ. P. 35 **(doc. 41)**. Defendants have not yet filed a response, nor has the time for doing so passed. However, because it is clear to the court that plaintiff's motion should be denied, the court will rule without awaiting further briefing.

Plaintiff is currently incarcerated in the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). Plaintiff alleges that various entities, including the Warden of HCF, defendant L.E. Bruce, are illegally withholding and withdrawing funds from plaintiff's inmate savings account. Among other things, plaintiff claims that his Eighth Amendment rights are being violated because the allegedly-illegal use of his funds has prevented him from obtaining adequate medical care, i.e., that plaintiff has been advised to purchase insoles for his shoes, but he apparently argues that he cannot afford them because of defendants' actions.

By way of the instant motion, plaintiff asks the court to "order the defendants, [the Kansas Department of Corrections], to schedule a physical examination of the subject matter

with CCS Corrective Care Solutions medical provider at [HCF] and issue disclosure as required by Fed. R. Civ. Procedure 26-(a)(2)."[1]

As a preliminary matter, the court notes that the Kansas Department of Corrections (the "KDOC") is not a party to this lawsuit. That is, although plaintiff has named Roger Werholtz, the Secretary of the KDOC, as a defendant, he has not named the KDOC. As a non-party to this lawsuit, the court cannot order the KDOC to provide discovery in this case under Rule 26(a)(2) or Rule 35.

Moreover, to the extent that plaintiff's motion actually seeks an order compelling the actual defendants to this suit to conduct a Rule 35 examination of plaintiff, that request is equally without merit. Essentially, plaintiff is asking the court to require defendants to obtain an expert's opinion and then provide the expert's report pursuant to Fed. R. Civ. P. 26(a)(2). Plaintiff clearly misunderstands the discovery rules under which he brings the instant motion.

Rule 35 is a mechanism by which a party may obtain an independent medical examination of the *opposing* party. That is, if defendants were to determine that they wanted a medical examination of plaintiff, they could seek such an examination under Rule 35. The Rule does not allow for a plaintiff to require defendants to perform a medical exam and provide the plaintiff with the results of that exam.

To the extent that plaintiff intends this motion as one for appointment of a medical expert in his case, that request is likewise denied. Under Fed. R. Evid. 706, the court, on its

---

[1] Doc. 41 at 1.

own motion or on the motion of a party, <u>may</u> appoint an expert witness.[2] The determination to appoint an expert rests solely in the court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the court's need for a neutral, expert view.[3] Where such an expert is appointed, his or her compensation is to be paid by the parties; however, where, as in this action, one of the parties is indigent, in compelling circumstances the court may assess the entire cost of the expert's compensation to the other party.[4]

As a general matter, the court concludes that such measures should be taken sparingly, particularly given the large volume of indigent prisoner cases and the substantial expense that defendants or the court would have to bear if the court were to appoint an expert. Moreover, other courts have held that it is unnecessary to appoint experts to testify as to issues that are not central to the case.[5]

---

[2] Fed. R. Evid. 706 allows court to appoint an expert in certain cases. The rationale of Rule 706 is to allow the court to appoint a *neutral* expert to explain issues to the finder of fact. This rule is aimed at avoiding the common situation in which competing experts advance contradictory arguments and the trier of fact is left to determine which expert is correct. *See* Glen Weissenberger, Federal Rules of Evidence: Rules, Legislative History, Commentary and Authority § 706.1 (3d ed. 1998) (citations omitted).

[3] *See Ledford v. Sullivan*, 105 F.3d 354, 358-59, 361 (7th Cir.1997); *Reynolds v. Goord*, No. 98-6722, 2000 WL 825690, at *2 (S.D.N.Y. June 26, 2000) (court determined that a court-appointed expert would be of assistance because of complex issues of infectious disease, public health, and correctional medicine, as well as the significant public policy implications presented by the case).

[4] *See* Fed.R.Evid. 706(b); *Ledford*, 105 F.3d at 361; *McKinney v. Anderson*, 924 F.2d 1500, 1510-11 (9th Cir. 1990); *Webster v. Sowders*, 846 F.2d 1032, 1038 (6th Cir. 1988); *Reynolds*, 2000 WL 825690, at *3.

[5] *Pabon v. Goord*, No. 99-5869, 2001 WL 856601, at *2 (S.D.N.Y. Jul. 30, 2001) (court did not appoint an expert regarding the plaintiff's medical diagnosis, even though case involved claims of deliberate indifference to plaintiff's serious medical needs, because in "Eighth Amendment medical care cases, where a prisoner is alleging deliberate indifference to his serious medical needs, the subjective

The court concludes that the issue of whether plaintiff should wear corrective insoles is not central to this case, nor is the medical question at issue so complex that a jury will require expert testimony in order to understand.  For each of these reasons, plaintiff's motion **(doc. 41)** is denied.

IT IS SO ORDERED.

Dated this 8th day of July, 2005, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

element of deliberate indifference turns on the state of mind of the official. . .. An analysis of this issue does not involve probing, complex questions concerning medical diagnosis and judgment.") (citations omitted).