**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| PATRICK ALAN THOMPSON,             )<br>                                    )<br>            Plaintiff,              )     **CIVIL ACTION**<br>                                    )<br>v.                                  )     No. 04-3359-MLB<br>                                    )<br>L. E. BRUCE, et al.,                )<br>                                    )<br>            Defendants.             )<br>_____) | |

**MEMORANDUM AND ORDER**

Background[1]

Plaintiff, a Kansas prisoner, filed this case in October 2004. Relying on 42 U.S.C. § 1983 and various Amendments to the Constitution, plaintiff claimed that monies were being withheld from him despite the fact that he had completed post-release supervision in connection with a prior conviction. Plaintiff also asserted that his request for shower shoes, deodorant and more soap had been ignored. By order of January 24, 2005, Judge Van Bebber allowed plaintiff to proceed in forma pauperis, denied plaintiff's application for appointment of counsel and allowed plaintiff to amend his complaint to state an "ex-post facto" claim regarding a previous conviction. Judge Van Bebber also ordered defendants to prepare a <u>Martinez</u> report (Docs. 8 and 9). On March 23, 2005, plaintiff filed a jury trial demand (Doc. 23).

On April 21, 2005, plaintiff filed a motion to amend his complaint a second time (Doc. 26). For some reason, defendants did

---

[1]The submissions noted in this section are not all-inclusive. There are several more.

not object and plaintiff's request was granted (Doc. 29). The second amended complaint, filed on May 6, 2005 (Doc. 30), added defendants but the precise nature of any substantive amendments cannot be determined and, in any event, is not all that relevant at this juncture.

On June 13, 2005, an initial order regarding planning and scheduling was entered by the magistrate judge (Doc. 35). On June 20, 2005, defendants filed an extensive Martinez report (Doc. 36) followed on June 24, 2005, by a motion to dismiss (Docs. 37 and 38). Defendants' motion was grounded, at least in part, upon a memorandum and order entered by Judge Vratil in the case of Kenneth R. Miller v. Kathleen Sebelius et. al, Case No. 04-3053, a case which defendants assert involved claims identical or similar to those raised in this case.

At this point, plaintiff began filing an escalating number of lengthy pro se motions. He filed a "technical objection" to the Martinez report (Doc. 40), a motion for a medical examination (Doc. 41) which the magistrate judge denied by order of July 8, 2005 (Doc. 42) and motions for discovery (Docs. 43 and 44).

On July 19, 2005, the magistrate judge filed a comprehensive scheduling order (Doc. 46). A supplemental Martinez report was filed on July 22, 2005 (Doc. 47) and plaintiff responded to the supplemental Martinez report on August 1, 2005 (Doc. 50).

Also on August 1, 2005, plaintiff filed a motion to file a supplemental complaint (Doc. 51) and an amended motion to file a supplemental complaint (Doc. 52). He also filed three voluminous motions for discovery, one for "hygiene needs," one for "medical

needs," and the third for "sanitary needs" (Docs. 53, 54 and 56). A motion for discovery for access to the courts (Doc. 57) also was filed.  The magistrate judge denied the latter motion (Doc. 58). When defendants did not object to plaintiff's motion for leave to file a supplemental pleading, the magistrate judge permitted the filing which was made on August 12, 2005 (Doc. 61).  As before, it is difficult to determine the exact nature of what amounts to a third amended complaint.

On August 15, 2005, plaintiff filed a two page conclusory "response to defendants' motion to dismiss" (Doc. 62) and a similarly conclusory response to the Martinez report (Docs. 65, 70, 71 and 80). On August 19, 2005, plaintiff filed another motion for appointment of counsel, which the magistrate judge denied (Doc. 74).

By order of September 8, 2005 (Doc. 91), the magistrate judge ordered defendants to supplement their Martinez report to respond to plaintiff's allegations of exhaustion of administrative remedies.  Defendants' second supplemental Martinez report was filed on September 13 (Doc. 82).  On September 12, 2005, plaintiff filed a motion for TRO and a preliminary injunction (Doc. 95). Plaintiff contended that defendants were denying him "legal copies to file responses to motions to dismiss, objections and motions according to the deadlines scheduled in pretrial procedures" (Docs. 96 and 97).

On October 4, 2005, plaintiff filed an objection to defendants' responses to his requests for discovery (Doc. 114). Thereafter, on October 13, 2005, plaintiff sought additional time

-3-

to complete discovery (Doc. 116).

The magistrate judge entered an amended scheduling order on November 3, 2005 (Doc. 128). The order required defendants to respond to certain discovery requests of plaintiff (Docs. 117, 125 and 126) but denied plaintiff's request to serve additional discovery requests. The magistrate judge set a February 3, 2006 deadline for the filing of dispositive motions.

On November 9, 2005, plaintiff filed a "motion written objection" (Doc. 130) which the court interprets as an appeal from the magistrate judge's ruling pertaining to plaintiff's discovery requests. Another "motion written objection" (Doc. 142) was filed on November 16, 2005, seeking to appeal from other rulings of the magistrate judge pertaining to discovery.

On November 22, 2005, plaintiff filed yet another motion for leave to amend, his fourth (Doc. 140).

On November 22, 2005, this court entered an order which suspended all filings by the parties until further order of the court (Doc. 141).

### Interim Orders

Based on the court's review of the file, there are certain matters which can be dealt with at this juncture, thereby clearing away some of the underbrush to make way for preparation of a pretrial order and the ultimate disposition of the case. They are as follows:

1. Plaintiff's motion for discovery (Doc. 43), is an eleven page submission requesting the district judge to whom this case was originally assigned to "consider and review the complaint sua

-4-

sponte to ensure that it states a claim on which relief may be granted." There is no legal authority for such a preposterous request and the motion is denied.

    2.   Plaintiff's objection to the magistrate judge's order denying plaintiff's motions for appointment of counsel (Docs. 86, 87, 88). The court finds that the magistrate judge's decisions (Docs. 8 and 74) are not clearly erroneous or contrary to law. <u>McCormick v. City of Lawrence, Kansas</u>, 218 F.R.D. 687, 692-93 (D. Kan. 2003). Moreover, the court has independently considered plaintiff's request for appointment of counsel in accordance with the standards set forth in <u>Castner v. Colo. Springs Cablevision</u>, 979 F.2nd 1417 (10th Cir. 1992). The court will assume, for purposes of discussion, that because plaintiff is a prisoner, he cannot afford to retain counsel. Therefore, for the factor of plaintiff's diligence in searching for counsel is, for the moment, moot. Due to the large number of submissions filed by plaintiff to date, it is clear that plaintiff has the capacity to prepare and present his case without the aid of counsel. Finally, while the court is loathe to prejudge the merits, if any, of plaintiff's case, it certainly appears that at least some of plaintiff's claims lack merit based on Judge Vratil's opinion. It would be an abuse of discretion to appoint counsel for plaintiff, who is directed not to file any more such requests.

    3.   Plaintiff's motion for temporary restraining order/preliminary injunction (Docs. 95, 96 and 97). The thrust of these motions is that defendants are denying plaintiff "legal material" and "legal copies to pursue his claim in the Courts."

-5-

Given the massive volume of submissions by plaintiff since this case was filed in October 2004, it is painfully obvious that plaintiff has not been denied access to this court. It is obvious that plaintiff cannot meet the requirements for injunctive relief. Accordingly, these motions are denied. <u>Prairie Band of Potawatomi Indians v. Pierce</u>, 253 F.3d 1234, 1246-47 (10th Cir. 2001).

4. Plaintiff's objection to the magistrate judge's order denying plaintiff's motion to compel as moot (Doc. 124). The court finds that plaintiff has failed to meet his heavy burden to demonstrate that the magistrate judge's order was clearly erroneous or contrary to law.

5. Plaintiff's objections, filed November 9 and 16, 2005, to the magistrate judge's orders pertaining to various discovery matters are overruled for the same reason.

6. Plaintiff's motion for leave to amend (Doc. 140) is denied. Plaintiff is abusing his right of access to this court by constantly seeking to amend his claims. No further amendments will be permitted.

### Further Orders

This case is returned to the magistrate judge for further proceedings, including ruling on discovery matters and the preparation of a comprehensive pretrial order. The court submits to the magistrate judge's sound discretion whether to keep in force this court's order of November 22, 2005, suspending filings. It seems obvious, however, that the purposes of Fed. R. Civ. P. 1 will not be well served by allowing additional submissions by plaintiff similar to the voluminous and confusing papers already in the file.

What this case needs most is a clear pretrial order which delineates the claims, defenses and issues to be resolved, either by motions already on file or by dispositive motions to be filed after the pretrial order is signed by this court. The magistrate judge is granted broad discretion to limit the number of pages of any future dispositive motions and to make any additional orders which will aid the ultimate disposition of this case.

IT IS SO ORDERED.

Dated this __2nd__ day of December 2005, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE